IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

*Trial by Jury*

SCOTT MILLER,
   Plaintiff,

v.

CITY OF FAIRHOPE,
   Defendant.

Civil Action No. ___1:25-cv-508-JB-B___ UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

FILED - USDC ALSD
DEC 10 '25 AM 11:26

**EXPANDED FEDERAL CIVIL RIGHTS COMPLAINT**
**(42 U.S.C. §1983 + Supplemental State Claims)**

## I. INTRODUCTION

This Expanded Federal Complaint provides a full narrative, detailed factual history, and complete articulation of all federal and supplemental state-law claims arising from the City of Fairhope's multi-year violations of constitutional rights, selective enforcement of ordinances, deprivation of property access, obstruction of public records, manipulation of 911 addressing, and collaboration with the Summer Lake HOA to maintain an unlawful right-of-way obstruction. Plaintiff seeks declaratory relief, injunctive relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. §1988.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. §§1331 and 1343 because Plaintiff asserts violations of his federal constitutional rights under 42 U.S.C. §1983. Venue lies in this District under 28 U.S.C. §1391(b), as all relevant events occurred in Baldwin County, Alabama.

## III. PARTIES

Plaintiff: Scott Miller, an Alabama property owner and resident of Baldwin County.

Defendant: City of Fairhope ("Defendant") is a municipal corporation organized under the laws of Alabama.

## IV. FACTUAL BACKGROUND

1. Plaintiff owns property accessible through a public right-of-way adjacent to the Summer Lake HOA.

2. Without permit, approval, or lawful authority, the Summer Lake HOA constructed a fence across a portion of the public right-of-way, obstructing traffic, emergency access, and Plaintiff's ingress/egress.

3. Fairhope's municipal code prohibits any obstruction in a public right-of-way and mandates removal upon notice.

4. Despite this mandatory duty, City officials refused to remove the fence, claiming enforcement was discretionary.

5. At the same time, City officials enforced right-of-way restrictions aggressively against Plaintiff, requiring permits and compliance with standards not applied to the law.

6. Plaintiff submitted multiple Public Records Requests seeking permits, communications, and enforcement records.

7. The City routed all PRRs through the City Attorney, causing significant delay or non-response.

8. Several PRRs were denied or delayed without citation to any valid statutory exemption.

9. City officials and the Summer Lake HOA board members communicated regarding the fence and Plaintiff's disputes, establishing joint action.

10. 911 addressing personnel altered or refused to correct records associated with Plaintiff's property, impairing delivery and emergency response.

11. Plaintiff's attempts to correct these issues were met with hostility, delay, or retaliation.

12. These actions collectively deprived Plaintiff of due process, equal protection, and the right to utilize his property.

## V. CAUSES OF ACTION — COUNTS 1–18

### Count 1 — Procedural Due Process
Defendant deprived Plaintiff of protected property interests, including use, access, and rights-of-way, without meaningful notice or opportunity to be heard. Maintaining an illegal fence without process violates procedural due process.

### Count 2 — Substantive Due Process
Defendant actions were arbitrary, retaliatory, and without any rational basis. The refusal to enforce ordinances and the manipulation of records shocks the conscience.

### Count 3 — Equal Protection (Class-of-One)
The City treated Plaintiff differently from similarly-situated residents by selectively enforcing right-of-way ordinances and denying records.

### Count 4 — Retaliation
Defendant retaliated against Plaintiff for filing PRRs, speaking out, and asserting property rights.

### Count 5 — Unconstitutional Conditions
The City attempted to condition access to public services or rights on Plaintiff withdrawing PRRs or refraining from litigation.

### Count 6 — Monell Liability
Widespread practices include PRR gatekeeping, ROW non-enforcement, and selective treatment.

### Count 7 — Failure to Train
Fairhope failed to train employees regarding PRR law, ROW enforcement, and constitutional limits.

### Count 8 — Deprivation of Property Interests
Interference with access, construction, and ingress/egress constitutes deprivation of property rights.

### Count 9 — Stigma-Plus
911 addressing errors were fabricated or maintained to harm Plaintiff's legal interests.

### Count 10 — Federal Declaratory Judgment
Plaintiff seeks declarations regarding the illegality of the fence and violations.

### Count 11 — Federal Injunctive Relief
Plaintiff seeks injunctive orders compelling correction of records and removal of obstruction.

### Count 12 — Civil Conspiracy
Defendant acted jointly with the Sumer Lake HOA to maintain the obstruction and obstruct Plaintiff's rights.

### Count 13 — Negligent Training (State Law)
State-law negligence resulted in foreseeable harm.

### Count 14 — Nuisance
The Summer Lake HOA fence constitutes a nuisance, ratified by the City.

### Count 15 — Trespass
The physical obstruction constitutes continuing trespass.

### Count 16 — Declaratory Judgment (State Law)
Plaintiff seeks clarification of rights and illegality of the obstruction.

### Count 17 — Mandamus
Mandamus is appropriate because Fairhope's enforcement is nondiscretionary.

### Count 18 — Bad-Faith PRR Obstruction
Defendant intentionally withheld or delayed records without legal basis.

## PRAYER FOR RELIEF
Plaintiff requests: declaratory relief, injunctive relief, compensatory and punitive damages, attorneys' fees under 42 U.S.C. §1988, and all further relief deemed appropriate.

Scott Miller
269 Falls Creek St
Fairhope, AL 36532
251-402-6696