FILED - USDC ALSD
MAY 19 '26 PM2:07

**EXHIBIT INDEX**

Exhibit A — November 12, 2025 email chain from Lisa A. Hanks, City Clerk, transmitting Building Official Erik Cortinas's written acknowledgment that there is a fence on City ROW along Darrah Street and that the City has no records of a permit for the fence.

Exhibit B — Mayor's Office service request portal ID 20841 (screenshot), closed without notice or substantive determination.

Exhibit C — Building Department service request portal ID 22250 (screenshot), with closure entry: “I am closing this request as Scott Miller has sued the City of Fairhope and all communications related to this issue should be sent to our Legal Counsel.”

Exhibit D — McDowell/Collins email chain, January 13–15, 2026, including the City Attorney's January 14 greeting “Mr. Collins, if that is your name,” his January 15 greeting “Mr. Collins, Mr. Miller, or someone acting on behalf of Mr. Miller,” and the City Attorney's refusal to process the records request on the stated ground of civil litigation.

Exhibit E — Baldwin County 911 email chain, BC911-000020 through BC911-000025, showing Defendant Simmons raising Plaintiff's address at a city addressing meeting and BC911 reopening of Plaintiff's address file.

Exhibit F — Order of the Circuit Court of Baldwin County, Alabama, in Miller v. City of Fairhope, No. CV-2025-901858, entered December 17, 2025 by Circuit Judge Scott P. Taylor, staying the state-court action against the City pending resolution of this federal case.

Exhibit G — Williams/McDowell/Hanks email chain, December 3–22, 2025, showing the City's denial of Plaintiff's direct public records request on litigation grounds and the express removal of the City Clerk from the email chain handling the request.

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT A

November 11-14, 2025 Email Chain from City Clerk Lisa A. Hanks Transmitting Building Official Erik Cortinas's Written Acknowledgment That "there is a fence on City ROW along the east side of the end of Darrah where it says 'Fairhope Corporate Limits'" and That the City Has No Records of a Permit for the Fence

# Re: Records Request - Darrah St Fence (Summer Lake subdivision)

Scott Miller
Lisa A. Hanks, MMC
Tue, Nov 11, 2025, 12:13 PM
Request for Public Records Form - Darrah St Fence.pdf

Lisa,

Good afternoon. Attached is a record request for any documentation for the fence located on the Darrah Street right of way. Please let me know if you have any questions. Thanks for your help!

--

Best regards,

Scott Miller
Fluid Motion Fabrication
www.fluidmotionfab.com
https://www.facebook.com/Fluid-Motion-Fabrication-951842078182951/
Office: 251-929-8305
Cell: 251-402-6696

---

Lisa A. Hanks, MMC
Scott Miller
Wed, Nov 12, 2025, 8:30 AM

I have sent your request to the Building Department for records.

**LISA A. HANKS, MMC/LGRC**
**City Clerk**
City of Fairhope
P. O. Drawer 429
Fairhope, AL 36533
251-928-2136
251-302-7552 (Fax)

---

Lisa A. Hanks, MMC
Scott Miller
Wed, Nov 12, 2025, 10:04 AM

Fence permits are going to be specific to an address or parcel, not just Darrah St. There is a fence on City ROW along the east side of the end of Darrah where it says “Fairhope Corporate Limits”, but there’s nothing I can find and it’s probably been there since the subdivision was done so we have no records that far back.

Erik – Building Official

**LISA A. HANKS, MMC/LGRC**
**City Clerk**
City of Fairhope
P. O. Drawer 429
Fairhope, AL 36533
251-928-2136
251-302-7552 (Fax)

Scott Miller
Lisa A. Hanks, MMC
Wed, Nov 12, 2025, 12:26 PM

Lisa,

Thank you for confirming. To ensure the record is clear, can you please confirm whether the City ever authorized or permitted any private individual or HOA to install or maintain a fence on the Darrah Street right-of-way?

Thanks,

Scott

Get Outlook for iOS

---

Scott Miller
Lisa A. Hanks, MMC
Wed, Nov 12, 2025, 4:55 PM
IMG_1487.jpeg

**PIN:** 34281

See pic

Get Outlook for iOS

---

Lisa A. Hanks, MMC
Scott Miller
Thu, Nov 13, 2025, 8:55 AM

It appears that property is in the County, so you may want to check their records for the fence. Based on the Alabama Department of Archives & History's Local Government Records Commission, the Building Department only has to keep permit records for 7 years.

> **All other records.** These records include but are not limited to land use certificates, site plan approval materials, residential plans, associated permits and permit logs, and contractors' certificates of insurance. Disposition: Temporary Record. Retain 7 years (Code of Alabama 1975 § 6-5-221 through 6-5-227).

Hope this helps. It may be on the County ROW not the City's.

**LISA A. HANKS, MMC/LGRC**
**City Clerk**
City of Fairhope
P. O. Drawer 429
Fairhope, AL 36533
251-928-2136
251-302-7552 (Fax)

---

Scott Miller
Lisa A. Hanks, MMC
Fri, Nov 14, 2025, 7:56 AM

Lisa,

Thank you again for your time and for helping me understand how these records are handled.

Because this fence sits on the Darrah Street public right-of-way and has caused a lengthy and very expensive easement dispute between myself and my neighbor, I am now trying to determine one simple issue:

Was this fence ever authorized or permitted by the City of Fairhope, or was it installed without City approval?

I understand the City's permit retention period is seven years, but even outside that window, the City would normally have some record or indication if an obstruction of a City road had been authorized.

To help me clarify this:

1. Does the City have any record — permit, approval, or other authorization — that allowed a private party, HOA, developer, or contractor to install a fence on the Darrah Street right-of-way?
2. Does the City have any record of an ordinance violation, complaint, or enforcement action regarding this fence?

I am not suggesting the City did anything wrong — I am simply trying to determine whether the fence was legally authorized or whether it was installed without City authority. Your response will help me resolve a significant problem caused by this obstruction.

Thank you again for your assistance.

Best,

Scott Miller

Get Outlook for iOS

---

7 Emails

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT B

Mayor's Office Service Request Portal ID 20841 (Screenshot), Closed Without Notice or Substantive Determination

# Contact the Mayors Office

**ID**
20841

**Location**
822 Darrah St, Fairhope

**Status**
Closed

**Comment**
There is an old fence installed on the City right of way that blocks driveway access on Darrah Street. The Darrah Street right of way has been permitted and the driveway installed. However, the fence is City property and did not want to remove without proper authority. Can the City please remove this fence?

**Files**
Darrah street right of way blocked.jpg
A5C76ABC-9F87-4677-BDD3-190FD51AA800.jpg

## History

**Created one year ago**

There is an old fence installed on the City right of way that blocks driveway access on Darrah Street. The Darrah Street right of way has been permitted and the driveway installed. However, the fence is City property and did not want to remove without proper authority. Can the City please remove this fence?

**You commented one year ago**

Map view

**Closed one year ago**

**Question has been answered**

Thank you

 Copyright © 2026 - Catalis

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT C

Building Department Service Request Portal ID 22250 (Screenshot), With Closure Entry: "I am closing this request as Scott Miller has sued the City of Fairhope and all communications related to this issue should be sent to our Legal Counsel."

# Building Department

**ID**
22250

**Location**
830 Darrah St, Fairhope

**Status**
Closed

**Comment**
There is an 8ft tall fence in the right of way on Darrah Street in Summer Lake. Its built in front of the fire hydrant. Is this fence within city ordinance? I request it be removed from right of way.

**Files**
8ft Fence on road.png

## History

**Created 3 months ago**

There is an 8ft tall fence in the right of way on Darrah Street in Summer Lake. Its built in front of the fire hydrant. Is this fence within city ordinance? I request it be removed from right of way.

**Activity entered 3 months ago**

Please clarify where within the length of Darrah St right of way the fence you are referring to is located.

**You commented 3 months ago**

The northeast end.

**Activity entered 3 months ago**

I will forward this to Planning and Zoning since fence regulations are governed in the zoning ordinance. I do know that the zoning ordinance allows privacy fences up to 8' tall. I will also forward this information to the Fire Dept so they can check required clearances around any hydrants along the ROW.

**You commented 3 months ago**

Thank you. Also please have Fire Dept confirm fire hydrant visibility. Its not visible to from the driveway of the last adjacent house. Can't even notice it exists until your at the end of the street.

**You commented 3 months ago**

Is zoning ordinance 8ft fence for front yards at road front? I thought that was 4ft.

**You commented 2 months ago**

Good afternoon. Following up on this ticket status. Thanks!

**You commented 2 months ago**

Any update? From records I see, this fence is blocking where a sidewalk was dedicated and accepted by the city. Therefore this

right of way is public interest. How is a private fence allowed on public interest?

**You commented 2 months ago**

Any word on this? If planning and zoning can't answer, can you forward to the Mayor for a response?

**Activity entered 2 months ago**

The fence in question is not in violation of the City's Zoning Ordinance.

**You commented 2 months ago**

Thank you for the response. To clarify, my concern is not limited to zoning compliance. My question relates to whether the fence is located within a dedicated and accepted public right-of-way or sidewalk easement, and if so, what authority approved a private fence encroachment in that public area. Could you please advise which department has reviewed the right-of-way issue?

**Activity entered 2 months ago**

I am closing this request as Scott Miller has sued the City of Fairhope and all communications related to this issue should be sent to our Legal Counsel.

Copyright © 2026 - Catalis

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT D

McDowell/Collins Email Chain, January 13-15, 2026, Including the City Attorney's January 14 Greeting "Mr. Collins, if that is your name," His January 15 Greeting "Mr. Collins, Mr. Miller, or someone acting on behalf of Mr. Miller," and the City Attorney's Refusal to Process the Records Request on the Stated Ground of Civil Litigation

Gmail Scott Miller <smiller@fluidmotionfab.com>

**Fwd: City of Fairhope, AL: Email from Website**

1 message

**david collins** <luminox747@gmail.com> Mon, Apr 20, 2026 at 8:25 AM
To: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

---------- Forwarded message ---------
From: **Marcus McDowell** <mmcdowell@wbbwlaw.com>
Date: Thu, Jan 15, 2026, 2:46 PM
Subject: RE: City of Fairhope, AL: Email from Website
To: david collins <luminox747@gmail.com>
Cc: Lisa A. Hanks, MMC <Lisa.Hanks@fairhopeal.gov>

Mr. Collins, Mr. Miller, or someone acting on behalf of Mr. Miller,

It is readily apparent that the below attached e-mail has been cut and pasted from another correspondence. Please refer to our last email. That was and is the City's formal response to your record request. Mr. Miller, you may obtain relevant records via the Rules of Civil procedure through one of your cases and not through a poorly veiled attempt to circumvent Alabama Code Section 36-12-46. The documents requested all deal with matters in civil litigation and will not be processed through a record request.

Marcus McDowell

**From:** david collins <luminox747@gmail.com>
**Sent:** Thursday, January 15, 2026 2:26 PM
**To:** Marcus McDowell <mmcdowell@wbbwlaw.com>
**Cc:** Lisa A. Hanks, MMC <Lisa.Hanks@fairhopeal.gov>; info@ethics.alabama.gov; constituentaffairs@ago.state.al.us; sherry.sullivan@fairhopeal.gov; joshua.gammon@fairhopeal.gov
**Subject:** Re: City of Fairhope, AL: Email from Website

Mr. McDowell,

I submitted an online request for public records on the City of Fairhope's website. Then completed the valid form as requested promptly after receiving it. I supplied a government issued ID as requested. Within 25 minutes of sending completed form, I was quoted $4,000-$10,000 with a 4-week lead time. You indicated a better estimate once ID is provided. Then claimed steps were initiated to get the initial cost break down. Then you claimed my request is unreasonable without detail and that the city is not obligated to respond.

The Act does not require verbal communication with the city attorney for processing public records requests (§ 36-12-43(b)(3)). I do not believe a phone conversation with litigation counsel should be a prerequisite to exercising access to public records, and for that reason, I have requested that communications regarding the request remain in writing.

To not understand this and to repeatedly force your demand after I made clear several times of my preference for in-writing email transparency is very troubling.

Your insinuation that I am hiding behind an email and that my personal email address is untraceable, leading to doubts about my identity, is unmerited and unprofessional. Though such assertions deserve no response, let me be crystal clear: I am David Collins. I am not Scott Miller, nor am I acting on behalf of Scott Miller. I deny the assertions made to the contrary.

These accusations are baseless and raise concerns about the handling of my request. This manner warrants internal review.

For transparency, I request an elected-official review of the City's public-records process as applied to my request. I am willing to discuss this matter with elected leadership at a policy level to better understand the City's procedures and to resolve any concerns

cooperatively.

I am also welcoming a call from Mayor Sullivan to discuss this matter with a more professional tone. I'm hopeful leadership will embrace a reasonable diplomatic approach.

Additionally, please provide a detailed fee breakdown as required for reasonableness under § 36-12-43(b)(5)f, including hours, rates, and tasks (e.g., IT keyword searches vs. manual review). Note no fee for electronic copies (§ 36-12-43(b)(5)g).

Respectfully,

David Collins

On Wed, Jan 14, 2026, 3:35 PM Marcus McDowell <mmcdowell@wbbwlaw.com> wrote:

Mr. Collins, if that is your name,

Your request does not comply with Ala. Code § 36-12-40 et seq. Your request fails to identify the requested public records with reasonable specificity and the City is not obligated to respond to a public records request that is vague, ambiguous, overly broad, or unreasonable in scope. Ergo, the City is not obligated to respond.

As you refuse to contact us via phone for assistance and continue to hide behind a new or untraceable e-mail account, we have no doubt you are actually Scott Miller or acting on behalf of Scott Miller attempting to circumvent Alabama Code Section 36-12-46 and obtain records related to your lawsuits.

As such, this is the City's formal response to what we consider a frivolous request. You can issue valid discovery via your complaints in Federal or State Court as provided in the Rules of Civil Procedure. If you are someone other than Scott Miller and will properly identify yourself and communicate as indicated , we will be glad to help. Otherwise Mr. Miller, please seek your documents via the normal court procedures.

I look forward to hearing from you if this is actually David Lee Collins. If it is Scott Miller, please consult with your lawyer or file appropriate discovery in Federal or State Court.

Marcus McDowell

Attorney City of Fairhope

**From:** david collins <luminox747@gmail.com>
**Sent:** Wednesday, January 14, 2026 2:52 PM
**To:** Marcus McDowell <mmcdowell@wbbwlaw.com>
**Cc:** Lisa A. Hanks, MMC <Lisa.Hanks@fairhopeal.gov>; joshua.gammon@fairhopeal.gov; info@ethics.alabama.gov; sherry.sullivan@fairhopeal.gov; constituentaffairs@ago.state.al.us
**Subject:** Re: City of Fairhope, AL: Email from Website

Mr. McDowell,

My request was submitted pursuant to Ala. Code § 36-12-40 et seq. The Alabama Public Records Act does not require a requester to engage in telephone calls or verbal discussions with counsel as a condition of access to public records. Written communication is sufficient. The demand to call a city attorney as requirement for my fundamental right to access public records of the state feels unwarranted and adds an unnecessary barrier to access, which I note here for all parties to see.

I am an Alabama resident, and I have provided written confirmation of that fact. To the extent the City believes any portion of the request lacks reasonable specificity, please identify the specific item(s) in writing so that I may address

Accordingly, I respectfully request that the City proceed with processing the request and provide the applicable cost estimate or production schedule as required by law. I am requesting that further communications regarding this request remain in writing.

Thank you for your attention.

Best regards,

David Collins

On Wed, Jan 14, 2026, 1:16 PM Marcus McDowell <mmcdowell@wbbwlaw.com> wrote:

Mr. Collins,

Your unwillingness to call for identity confirmation is troubling and leads us to believe this request in not generated by an Alabama citizen or seeks records that are not subject to disclosure in the course of a proper public record request.

Additionally your request fails to identify the requested public record with reasonable specificity and the City is not obligated to respond to a public records request that is vague, ambiguous, overly broad, or unreasonable in scope. This request is beyond doubt unreasonable in scope especially when you refuse to call to discuss and verify your identity and need for the specific data compilation as outlined. You are free to record the call if you think we are attempting to somehow trap you.

Notwithstanding, we have asked for a preliminary estimate and we will not be answering specifics about an estimate breakdown as you demanded. Again, please call so we can verify your identity and purpose of the request. We will not proceed until these steps are taken.

Marcus McDowell

City Attorney

**From:** david collins <luminox747@gmail.com>
**Sent:** Wednesday, January 14, 2026 12:50 PM
**To:** Marcus McDowell <mmcdowell@wbbwlaw.com>
**Cc:** sherry.sullivan@fairhopeal.gov; Lisa A. Hanks, MMC <Lisa.Hanks@fairhopeal.gov>; joshua.gammon@fairhopeal.gov; constituentaffairs@ago.state.al.us; info@ethics.alabama.gov
**Subject:** Re: City of Fairhope, AL: Email from Website

Mr. McDowell,

For clarity and transparency, I'm requesting that all requirements, scope concerns, and any fee estimates related to this public records request be provided in writing by email.

I'm not able to discuss this matter by phone. Once I receive the requested written information, I will respond promptly so the process can move forward.

Both addresses are within Alabama. The ID is valid and current. Please proceed with the records request cost.

Respectfully,

David Collins

On Wed, Jan 14, 2026, 11:58 AM Marcus McDowell <mmcdowell@wbbwlaw.com> wrote:

Mr. Collins,

As indicated, please call me at 251-928-1915 and I will be glad to discuss. Your identification lists different addresses that what you sent via your initial proposal. We have already initiated a steps to get an initial cost for fees and will be glad to discuss when you call. Again, please call my office today at 251-928-1915 so we can get the process started.

Marcus McDowell

City Attorney

**From:** david collins <luminox747@gmail.com>
**Sent:** Wednesday, January 14, 2026 11:51 AM
**To:** Marcus McDowell <mmcdowell@wbbwlaw.com>; sherry.sullivan@fairhopeal.gov; Lisa A. Hanks, MMC <Lisa.Hanks@fairhopeal.gov>; joshua.gammon@fairhopeal.gov; ethics@ethics.alabama.gov; constituentaffairs@ago.state.al.us
**Subject:** Re: City of Fairhope, AL: Email from Website

Mr. McDowell,

For the record and transparency, my request was submitted to the city records custodian (Lisa Hanks) via email, but was overtaken by the counsel, who responded with this email, voicemail, and calls within 30 minutes. This morning another email from the city attorney requesting I call his office. While I appreciate the prompt reply, this immediate involvement of the city attorney was unexpected and warrants documentation in this chain for all parties to see. I also request that all questions, requirements, or cost details regarding the public records request remain in email for transparency.

As for the form, I filled out this form as requested and returned it to Lisa. I have attached it again to this email.

I have been an Alabama resident for over 15 years and a retired civil engineer in the 82nd Civil Engineering Squadron. I have no issues with submitting my ID to the records custodian. Attached in the file is a copy.

Please provide a detailed fee breakdown as required for reasonableness under §36-12-43(b)(5)f, including:

- Hourly rates for staff involved (e.g., IT vs. custodian).

- Estimated hours per task (e.g., keyword searches in digital systems vs. manual scanning/paper pulls).

- Basis for 4 weeks/200-500 hours (e.g., why $4,000-$10,000 for electronic records?).

Note no fee for electronic copies already maintained digitally (§36-12-43(b)(5)g).

Once I have this breakdown, I can consider narrowing to reduce costs.

Best regards,

David Collins
2502 Junius Ln
Mobile, AL 36618
luminox747@gmail.com

On Wed, Jan 14, 2026, 8:26 AM Marcus McDowell <mmcdowell@wbbwlaw.com> wrote:

Mr. Collins,

I left a message for you yesterday to call me regarding your record request. Please contact my office at 251-928-1915. Also, we still need a copy of your valid government issued ID.

Marcus McDowell

Attorney for the City of Fairhope.

**From:** Marcus McDowell
**Sent:** Tuesday, January 13, 2026 3:46 PM
**To:** 'luminox747@gmail.com' <luminox747@gmail.com>
**Subject:** RE: City of Fairhope, AL: Email from Website

Mr. Collins,

You have been informed that the City requires you fill out a valid Record Request form. Also, the City will require proof of residency in the form of valid government identification. You can bring it to City Hall for verification. Also, please be advised that your request seeks documents outside of the scope of a valid record request. Once we have valid ID, establish residency, we will be in a position to provide documents within the scope of a valid records request. Please be advised that Alabama law permits the collection of reasonable fees for processing this request. I anticipate that a request of this magnitude will take more than four weeks to compile and will cost approximately $4,000.00 to $10,000.00. Once we get the proper forms and identification, we will be glad to give you a better estimate. The City will require payment prior to starting work on compiling relevant and responsive documents.

Please provide the completed form and a valid government identification and we will be glad to help.

Marcus McDowell

Attorney for the City of Fairhope

---

**Survey Details**

---

The City Clerk's Office is the officially designated record keeping agency for the City of Fairhope and is responsible for all public documents both current and archival.

The City Clerk's Office also prepares the City Council meeting agenda; attends and records the proceedings of all Council meetings; maintains records of all rules, ordinances, and resolutions of the Council; acts as custodian of the City Seal; conducts all municipal elections; performs all legal advertising for the City; schedules, coordinates, and plans special events and functions for the Council; oversees operation of the mail room and courier service; and provides general administrative and clerical assistance to the Council.

To place an item on the council agenda or work session, please call the City Clerk's office or email below. Agenda deadlines are Wednesday at noon prior to the meeting on Monday. Public participation for agenda items and general public participation are allowed at every council meeting. If you want to speak during public participation you do not have to sign up prior to the council meeting. Council agendas are typically posted Thursday afternoon before the meeting on Monday.

The City Clerk's office is located at Fairhope City Hall at 161 North Section Street. The office is open Monday through Friday from 8 a.m. to 5 p.m. For information, call 251-928-2136.

Lisa A. Hanks, MMC
City Clerk

Please fill out the form below to contact the City Clerk

| | |
|---|---|
| First Name * | David |
| Last Name * | Collins |
| Email Address * | luminox747@gmail.com |
| Phone Number | Not answered |

Message *

PUBLIC RECORDS REQUEST
City of Fairhope Attn: City Clerk's Office

Pursuant to the Alabama Open Records Act, I am seeking access to EVERY city-held document—including correspondence via email, text messages, internal memos, logs, reports, images, attachments, and all linked metadata—that was generated, transmitted, or obtained by ANY Fairhope City staff member or official referencing or relating to ANY of the topics or people outlined below.

MAIN TOPICS: Summer Lake subdivision creation and road access to existing abutting properties
• Any complaints or concerns with land locked properties with creation of Summer Lake and/or creating access for these properties • Darrah Street • Chet Avenue • Aidan Street • Manley Road • Fence on Darrah Street •. Removing or cutting driveway • Issues with public right-of-way (ROW) • ROW compliance, checks,

of reports of violations • illegal structures in the ROW • Access to properties any neighboring properties

SPECIFIED PERSONS:
• Right of way department • Planning department personnel • Public Works personnel • Permitting/ Building department personnel • Baldwin county 911 addressing personnel • Fairhope Fire Department • Fairhope Police • Mayor's Office • Members of the City Council • Representatives from Summer Lake HOA • Any neighboring landowners to Summer Lake subdivision

RELEVANT SITES / PROPERTIES:
• Any neighboring properties to Summer Lake • Right-of-way along Aidan Street, Darrah Street, or Chet Avenue

MATERIALS SOUGHT:
1. Every email along with its attachments.
2. Every SMS/text, Teams, Slack, or other messaging exchange.
3. Every memo, note, log entry, work order, and inspection record.
4. Every photo, report, or on-site notation.
5. Every exchange about choices to eliminate or retain the Darrah Street ROW fence.
6. Every interaction with HOA members or Summer Lake residents regarding access.
7. Every discussion involving Public Works, ROW team, Police, or admin staff.
8. Every reference to: • easement • access • ROW • Aidan • Chet • Darrah • Darrah street fence • Emergency vehicle access • Fire hydrant obstruction

METADATA REQUIRED

TIME PERIOD COVERED: From January 1, 2004, to the current date.

DELIVERY FORMAT: Electronic versions sent to: luminox747@gmail.com
No hard copies needed.

NOTE FOR CLARITY: This constitutes a standard request under the Alabama Open Records Act, not litigation discovery. Records held by the government that mention people are public unless exempted by law.

**How do you prefer we contact you?**

[x] Email

Thank you,
**City of Fairhope, AL**

---

**This is an automated message generated by Granicus. Please do not reply directly to this email.**

---

The information contained in this electronic message is intended only for the use of the owner of the email address listed as the recipient of this message and may contain attorney-client privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.

---

<~WRD2910.jpg>

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT E

Baldwin County 911 Email Chain, BC911-000020 Through BC911-000025, Showing Defendant Hunter Simmons Raising Plaintiff's Address at a City Addressing Meeting and BC911 Reopening of Plaintiff's Address File

Outlook

## RE: Manley Rd and Chet Ave

**From** Scott Warner <swarner@baldwin911.org>
**Date** Thu 1/23/2025 4:33 PM
**To** Hunter Simmons <hunter.simmons@fairhopeal.gov>; Chris Ambron <Chris.Ambron@fairhopeal.gov>
**Cc** Samantha Roberts <sroberts@baldwin911.org>

1 attachment (2 MB)
Scott Miller - 295 Chet Avenue.pdf;

Hunter,

Thanks for the response.

Check out the Fairhope ROW permit on page 3 and the picture provided (attached) by the owner we assigned the original Chet address too. This City permit unless I am interpreting incorrectly makes it look like the City gave him permission to cut into this private easement. Is this not what this ROW permit is for? I do not like the way we addressed it, but at the time before you brought it to my attention we were only given half the story from the property owner. It wasn't until I had my staff reopen this after our meeting when you brought it to my attention that we caught on to what was happening.

I was just checking with you all first before I got back with this owner and change this address that I got the Cities side of the story.

The picture showing that he has already cut the opening and shows they are using Chet Ave as access.

Thanks
Scott

**From:** Hunter Simmons <hunter.simmons@fairhopeal.gov>
**Sent:** Thursday, January 23, 2025 3:28 PM
**To:** Scott Warner <swarner@baldwin911.org>; Chris Ambron <Chris.Ambron@fairhopeal.gov>
**Cc:** Samantha Roberts <sroberts@baldwin911.org>
**Subject:** RE: Manley Rd and Chet Ave

Scott,

Is there any information leading you believe the City gave the Miller's access from Chet, or just an assumption? We have no indication the City has ever approved access from Chet, other than for the residents of Summer Lake.

The easement and the subdivision of all the lots, including the Miller's was approved by the County. We cannot find any information about those lots and how they came to be online, but maybe someone at the County has more information. Maybe a family subdivision? Is the access to Miller lot an easement across multiple properties, or solely owned by the Miller's?

Summer Lake was a subdivision approved by the City. Most subdivisions are approved with stub out streets for **future connectivity.** Which is what you see at the end of Chet Ave. However, connectivity usually does not happen until/unless the connected roads meet multiple requirements. Most importantly, the roads that will connect have to be public roads maintained by a public entity. The access from Manley is neither publicly owned nor publicly maintained. Therefore no one has a right to connect to Chet, nor have they asked anyone from the City. The physical manifestation is shown by the required barricades installed at the end of Chet.



To my knowledge, based on the information we could find from the probate website, the lots and easements highlighted below were created without the City of Fairhope's involvement. They do not have a vested vehicular access to Chet at this time.




FYI, just to remove any confusion, the strips highlighted below we reserved as common area in Summer Lake for a landscape buffer and are not intended for access.




**From:** Scott Warner <swarner@baldwin911.org>
**Sent:** Tuesday, January 21, 2025 1:55 PM
**To:** Hunter Simmons <hunter.simmons@fairhopeal.gov>; Chris Ambron <Chris.Ambron@fairhopeal.gov>
**Cc:** Samantha Roberts <sroberts@baldwin911.org>
**Subject:** RE: Manley Rd and Chet Ave

Hunter and Chris,

I wanted to follow up once again on this email from back in December that I sent. Was hoping you could help me with more information so we can correct this addressing problem that's been created.

Thank you,
Scott

**From:** Scott Warner
**Sent:** Monday, December 30, 2024 8:56 AM
**To:** Hunter Simmons <hunter.simmons@fairhopeal.gov>; Chris Ambron <Chris.Ambron@fairhopeal.gov>
**Cc:** Samantha Roberts <sroberts@baldwin911.org>
**Subject:** RE: Manley Rd and Chet Ave

Hunter,

You've probably been out for the holidays like myself. Hope it was restful for you.

Just wanted to follow up on this email from back on the Dec 12th.

Thanks,
Scott

**From:** Scott Warner
**Sent:** Thursday, December 12, 2024 2:14 PM
**To:** Hunter Simmons <hunter.simmons@fairhopeal.gov>; Chris Ambron <Chris.Ambron@fairhopeal.gov>
**Cc:** Samantha Roberts <sroberts@baldwin911.org>
**Subject:** Manley Rd and Chet Ave

Hunter,

During our recent city addressing meeting I recall you mentioning an issue with Chet Ave and it caught my attention to come back and investigate it. We reviewed this file and you are correct that this is very odd that this was addressed off Chet Ave. We were provided information from the requester that they would be using an access off Chet Ave, so I pointed out to staff the issue of this easement running of from Manley and we've reopened this to further investigate and correct. We see an unincorporated portion of an easement runs up from Manley Rd and was used to assign an address to a property owner to the west of this location a long while back. This doesn't make sense why this person is using Manley Ave and then this new one is using Chet Ave. Do you have any other back story as to how the City allowed the Millers to gain access from Chet vs using this easement? It appears the city allowed the Millers to connect to Chet Ave which is interesting.

My thought is this easement will need to be named (private road name likely) that will run from Manley, to intersect Chet and then north to the Millers property line where a driveway would peal off that to the neighbor to the west. I would appreciate any further information you were given beyond what I have attached so we can get this straightened out. This will likely cause an address change to 295 Chet Avenue and the 4 or so others off Manley unless some other scenario plays out.




Thank you,

**Scott Warner, GISP, FPEM** | GIS/Addressing Manager

**Baldwin County 9-1-1**
911 Telecommunicator Cir Robertsdale, AL 36567
(o) (251) 947-3911 ext. 5154 | (f) (251) 947-2740
LAT: 30.562315 N LONG: -87.730262 W | USNG: 16RDU2996781324
///softly.caged.buffered | 862JH769+WR

Please consider the environment before printing this email.

Like and Follow us:

Tweet with us:

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT F

Order of the Circuit Court of Baldwin County, Alabama, in Miller v. City of Fairhope, No. CV-2025-901858, Entered December 17, 2025 by Circuit Judge Scott P. Taylor, Staying the State-Court Action Against the City Pending Resolution of This Federal Case

ELECTRONICALLY FILED
12/17/2025 10:32 AM
05-CV-2025-901858.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | | |
|---|---|---|
| MILLER SCOTT,<br>Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2025-901858.00 |
| | ) | |
| CITY OF FAIRHOPE,<br>Defendant. | ) | |

**ORDER**

MOTION FOR PRELIMINARY INJUNCTION filed by MILLER SCOTT is hereby OTHER. CASE IS HEREBY STAYED PENDING RESOLUTION OF FEDERAL CASE.

CASE IS SET FOR STATUS DOCKET ON JUNE 22, 2026 AT 9:30 AM IN COURTROOM #1 OF THE BALDWIN COUNTY COURTHOUSE IN BAY MINETTE, ALABAMA.

**DONE this 17th day of December, 2025.**

**/s/ SCOTT P. TAYLOR**
**CIRCUIT JUDGE**

Miller v. City of Fairhope, et al.

**Civil Action No. 1:25-cv-00508-JB-B**

# EXHIBIT G

Williams/McDowell/Hanks Email Chain, December 3-22, 2025, Showing the City's Denial of Plaintiff's Direct Public Records Request on Litigation Grounds and the Express Removal of City Clerk Lisa A. Hanks from the Email Chain Handling the Request

Gmail Scott Miller <smiller@fluidmotionfab.con

# Public Records Request

5 messages

**Christopher S. Williams** <cwilliams@handfirm.com> Wed, Dec 3, 2025 at 1:49 P
To: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>
Cc: "Lisa A. Hanks, MMC" <lisa.hanks@fairhopeal.gov>, Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>

Mr. Miller,

The City is in receipt of your public records request. As you know, you are actively in litigation with the City of Fairhope and other parties pending in Baldwin County Circuit Court related to the fence, public right-of-way, and other issues that are related to your public records request. Litigation in Alabama is subject to the Alabama Rules of Civil Procedure, and a party is not allowed to circumvent the Rules of Civil Procedure by making a public records request under Alabama law.

As such, the City will not be responding to you public records request on this matter. Please direct any further communications with the City about this matter to Marcus McDowell or myself.

Thanks,

Chris

HAND ARENDALL
HARRISON SALE

**Christopher S. Williams**

251-694-6233 Direct Dial

251-422-7330 Cell

251-544-1601 Fax

cwilliams@handfirm.com

71 N. Section St.

Suite B

Fairhope, Alabama 36532

www.handfirm.com

vCard

The information contained in this electronic message is intended only for the use of the owner of the email address listed as the recipient of this message and may contain attorney-client privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.

Scott Miller <smiller@fluidmotionfab.com> Wed, Dec 3, 2025 at 2:37 P
To: "Christopher S. Williams" <cwilliams@handfirm.com>
Cc: "Lisa A. Hanks, MMC" <lisa.hanks@fairhopeal.gov>, Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>

Mr. Williams,

Thank you for your response. I understand the City's position, but I must respectfully clarify Alabama law on this issue. The Alabama Open Records Act does not contain any exemption based on ongoing litigation. Alabama courts—including Brewer v. Watson and Chambers v. Birmingham News—have consistently held that public access to municipal records cannot be denied simply because related litigation exists. A public-records request and civil discovery are two entirely separate legal processes governed by separate bodies of law.

I am not seeking to circumvent the discovery rules, nor am I requesting anything outside the scope of ordinary public access. I am simply asking for records the public is entitled to review regardless of whether litigation is pending.

With that context in mind, I am hopeful we can resolve this matter in a straightforward and cooperative manner. It is always my sincere preference to work professionally and transparently with the City rather than escalate disagreements about access to public records.

If the City believes any portion of my request is exempt, please cite the specific statutory exemption for each withheld record, and I will review those citations accordingly.

Thank you again for your time and attention. I look forward to receiving the requested documents so that we may move forward efficiently.

Respectfully,

Scott Miller

[Quoted text hidden]

---

**Alta O'Neill** <AONeill@handfirm.com> Wed, Dec 3, 2025 at 2:39 P
To: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

Your message

To: Alta O'Neill
Subject: Re: Public Records Request
Sent: Wednesday, December 3, 2025 2:37:58 PM (UTC-06:00) Central Time (US & Canada)

was read on Wednesday, December 3, 2025 2:39:34 PM (UTC-06:00) Central Time (US & Canada).

[Quoted text hidden]

---

**Christopher S. Williams** <cwilliams@handfirm.com> Wed, Dec 3, 2025 at 2:44 P
To: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

Your message

To: Christopher S. Williams
Subject: Re: Public Records Request
Sent: Wednesday, December 3, 2025 2:37:58 PM (UTC-06:00) Central Time (US & Canada)

was read on Wednesday, December 3, 2025 2:44:39 PM (UTC-06:00) Central Time (US & Canada).
[Quoted text hidden]

---

**Christopher S. Williams** <cwilliams@handfirm.com> Thu, Dec 4, 2025 at 7:27 A
To: Scott Miller <smiller@fluidmotionfab.com>
Cc: "Lisa A. Hanks MMC" <Lisa.Hanks@fairhopeal.gov>, Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>

See Alabama Code 36-12-46.

Thanks,

Chris

Christopher S. Williams
Hand Arendall Harrison Sale LLC
(251) 422-7330

On Dec 3, 2025, at 2:38 PM, Scott Miller <smiller@fluidmotionfab.com> wrote:

Mr. Williams,

Thank you for your response. I understand the City's position, but I must respectfully clarify Alabama law on this issue. The Alabama Open Records Act does not contain any exemption based on ongoing litigation. Alabama courts—including Brewer v. Watson and Chambers v. Birmingham News—have consistently held that public access to municipal records cannot be denied simply because related litigation exists. A public-records request and civil discovery are two entirely separate legal processes governed by separate bodies of law.

I am not seeking to circumvent the discovery rules, nor am I requesting anything outside the scope of ordinary public access. I am simply asking for records the public is entitled to review regardless of whether litigation is pending.

With that context in mind, I am hopeful we can resolve this matter in a straightforward and cooperative manner. It is always my sincere preference to work professionally and transparently with the City rather than escalate disagreements about access to public records.

If the City believes any portion of my request is exempt, please cite the specific statutory exemption for each withheld record, and I will review those citations accordingly.

Thank you again for your time and attention. I look forward to receiving the requested documents so that we may move forward efficiently.

Respectfully,

Scott Miller

On Wed, Dec 3, 2025 at 1:49 PM Christopher S. Williams <cwilliams@handfirm.com> wrote:

Mr. Miller,

The City is in receipt of your public records request. As you know, you are actively in litigation with the City of Fairhope and other parties pending in Baldwin County Circuit Court related to the fence, public right-of-way, and other issues that are related to your public records request. Litigation in Alabama is subject to the Alabama Rules of Civil Procedure, and a party is not allowed to circumvent the Rules of Civil Procedure by making a public records request under Alabama law.

As such, the City will not be responding to you public records request on this matter. Please direct any further communications with the City about this matter to Marcus McDowell or myself.

Thanks,

Chris

<image001.png>

**Christopher S. Williams**

251-694-6233 Direct Dial

251-422-7330 Cell

251-544-1601 Fax

cwilliams@handfirm.com

71 N. Section St.

Suite B

Fairhope, Alabama 36532

vCard

The information contained in this electronic message is intended only for the use of the owner of the email address listed as the recipient of this message and may contain attorney-client privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.

---

**3 attachments**

HAND ARENDALL HARRISON SALE **image001.png** 12K

**shield-advisory.png**
1K

**chevron-light.png**
1K

---

**Scott Miller** <smiller@fluidmotionfab.com> Fri, Dec 5, 2025 at 9:24 A
To: "Christopher S. Williams" <cwilliams@handfirm.com>
Cc: "Lisa A. Hanks MMC" <Lisa.Hanks@fairhopeal.gov>, Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>

Mr. Williams,

I understand your reference to Ala. Code § 36-12-46; however, that statute does not provide a blanket exemption from producing public records simply because litigation exists. It only prevents a litigant from using a PRR to obtain attorney work-product or discovery materials that would normally require discovery procedures. It does not exempt ordinary municipal emails, communications, records of ROW activity, internal administrative decisions, or any non-privileged public documents.

The requested records do not pertain to litigation strategy or attorney-client communications. Records are not protected by §36-12-46, and I have yet been provided with any specific statutory exemption as required under Alabama Open Records Act.

If the City insists that any portion of my request is exempt, please supply:

**1. A citation to the specific statutory exemption for each record withheld, and**

**2. A complete privilege log identifying:**

- the sender,
- recipient,
- date,
- general subject matter, and
- the precise privilege asserted.

Additionally, my original PRR from November 11th remains unanswered and now 24 days old, and the expanded request was submitted December 2nd. Public records should be supplied in a reasonable amount of time. I would appreciate clarification on a realistic timeframe for production—now that staff have had ample opportunity to review the categories of records.

I appreciate the professional and cooperative process, but I must also ensure compliance with the Alabama Open Records Act. If a third denial or further delay occurs without specific statutory support or a privilege log, my options at that point would include initiating mandamus proceedings and notifying the City's insurer due to the pattern of improper denials.

I look forward to your clarification and receipt of records.

Respectfully,

Scott Miller

[Quoted text hidden]

---

**Christopher S. Williams** <cwilliams@handfirm.com> Fri, Dec 5, 2025 at 9:37 A
To: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

Your message

To: Christopher S. Williams
Subject: Re: Public Records Request
Sent: Friday, December 5, 2025 9:24:34 AM (UTC-06:00) Central Time (US & Canada)

was read on Friday, December 5, 2025 9:37:27 AM (UTC-06:00) Central Time (US & Canada).

[Quoted text hidden]

**lta O'Neill** <AONeill@handfirm.com> Fri, Dec 5, 2025 at 9:51 A
o: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

Your message

To: Alta O'Neill
Subject: Re: Public Records Request
Sent: Friday, December 5, 2025 9:24:34 AM (UTC-06:00) Central Time (US & Canada)

was read on Friday, December 5, 2025 9:50:59 AM (UTC-06:00) Central Time (US & Canada).

[Quoted text hidden]

**hristopher S. Williams** <cwilliams@handfirm.com> Fri, Dec 5, 2025 at 2:17 P
o: Scott Miller <smiller@fluidmotionfab.com>
c: Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>

We disagree with you. The City of Fairhope has complied with its obligations under Alabama law.

Marcus will be handling the lawsuit with the City, and you can certainly address any discovery requests in that case in accordance with the Alabama Rules of Civil Procedure.

Thanks,

Chris

HAND ARENDALL
HARRISON SALE

**Christopher S. Williams**

251-694-6233 Direct Dial

251-422-7330 Cell

251-544-1601 Fax

cwilliams@handfirm.com

**From:** Scott Miller <smiller@fluidmotionfab.com>
**Sent:** Friday, December 5, 2025 9:25 AM
**To:** Christopher S. Williams <cwilliams@handfirm.com>
**Cc:** Lisa A. Hanks MMC <Lisa.Hanks@fairhopeal.gov>; Marcus McDowell <mmcdowell@wbbwlaw.com>; Alta O'Neill <AONeill@handfirm.com>
**Subject:** Re: Public Records Request

On Thu, Dec 4, 2025 at 7:28 AM Christopher S. Williams <cwilliams@handfirm.com> wrote:

See Alabama Code 36-12-46.

Thanks,

Chris

Christopher S. Williams

Hand Arendall Harrison Sale LLC

(251) 422-7330

On Dec 3, 2025, at 2:38 PM, Scott Miller <smiller@fluidmotionfab.com> wrote:

Mr. Williams,

Thank you for your response. I understand the City's position, but I must respectfully clarify Alabama law on this issue. The Alabama Open Records Act does not contain any exemption based on ongoing litigation. Alabama courts—including Brewer v. Watson and Chambers v. Birmingham News—have consistently held that public access to municipal records cannot be denied simply because related litigation exists. A public-records request and civil discovery are two entirely separate legal processes governed by separate bodies of law.

I am not seeking to circumvent the discovery rules, nor am I requesting anything outside the scope of ordinary public access. I am simply asking for records the public is entitled to review regardless of whether litigation is pending.

With that context in mind, I am hopeful we can resolve this matter in a straightforward and cooperative manner. It is always my sincere preference to work professionally and transparently with the City rather than escalate disagreements about access to public records.

If the City believes any portion of my request is exempt, please cite the specific statutory exemption for each withheld record, and I will review those citations accordingly.

Thank you again for your time and attention. I look forward to receiving the requested documents so that we may move forward efficiently.

Respectfully,

Scott Miller

On Wed, Dec 3, 2025 at 1:49 PM Christopher S. Williams <cwilliams@handfirm.com> wrote:

Mr. Miller,

The City is in receipt of your public records request. As you know, you are actively in litigation with the City of Fairhope and other parties pending in Baldwin County Circuit Court related to the fence, public right-of-way, and other issues that are related to your public records request. Litigation in Alabama is subject to the Alabama Rules of Civil Procedure, and a party is not allowed to circumvent the Rules of Civil Procedure by making a public records request under Alabama law.

As such, the City will not be responding to you public records request on this matter. Please direct any further communications with the City about this matter to Marcus McDowell or myself.

Thanks,

Chris

<image001.png>

Christopher S. Williams

251-694-6233 Direct Dial

251-422-7330 Cell

251-544-1601 Fax

cwilliams@handfirm.com

71 N. Section St.

Suite B

Fairhope, Alabama 36532

www.handfirm.com

vCard

The information contained in this electronic message is intended only for the use of the owner of the email address listed as the recipient of this message and may contain attorney-client privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.

---

**Iarcus McDowell** <mmcdowell@wbbwlaw.com> Fri, Dec 5, 2025 at 2:23 P
o: "Christopher S. Williams" <cwilliams@handfirm.com>, Scott Miller <smiller@fluidmotionfab.com>
:c: Alta O'Neill <AONeill@handfirm.com>

Mr. Miller,

Your email is apparently hitting a firewall somewhere and not reaching this address. If we do not respond, please do not assume we are ignoring you.

Marcus

[Quoted text hidden]

---

**cott Miller** <smiller@fluidmotionfab.com> Mon, Dec 8, 2025 at 9:57 A
o: "Christopher S. Williams" <cwilliams@handfirm.com>
:c: Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>, "Lisa A. Hanks, MMC" <Lisa.Hanks@fairhopeal.gov>

Mr. Williams,

For clarity, Ala. Code § 36-12-46 applies only to litigation-created attorney work-product and was enacted to prevent parties from using public-records requests to obtain an opposing attorney's internal litigation files "in lieu of discovery." This law never exempted ordinary, pre-existing governmental records created in the normal course of City operations (such as permits, ROW inspections, addressing logs, staff emails, maps, and enforcement records). Alabama courts and Attorney General opinions consistently hold that pending litigation does not justify withholding routine public records. Unless the City asserts that the specific documents withheld here are attorney work-product created because of litigation, § 36-12-46 provides no basis for denial and the records remain subject to immediate disclosure.

The newly amended § 36-12-46 is drafted in a way that creates unavoidable ambiguity and inconsistent outcomes. This statute does not clearly define "relevant information" as all public records. Pending litigation does not remove a citizen's right to access ordinary public records.

If we interpret the law as you claim, the statute restricts only "a party to litigation" from requesting records in "lieu of discovery", yet it does not prohibit the City from voluntarily disclosing those same records, nor does it restrict disclosure to any other person or entity. Prior to a prelimi injunction hearing, a discovery phase is not applicable. Therefore, there records cannot be classified as in "lieu of discovery".

Furthermore, this law also does not prohibit voluntary disclosure, and it does not impose any restriction on the public at large. To eliminate any further confusion or debate over statutory interpretation, I am submitting a new, independent Public Records Request from:

**Fluid Motion Solutions, LLC**

(An Alabama LLC, a separate legal person under Ala. Code § 10A-5A-1.04, and not a party to any litigation.)

This request is fully valid under Ala. Code § 36-12-40 and not subject to § 36-12-46.

The LLC PRR is attached to this email.

**Voluntary Disclosure Is Always Permitted**

As you know, § 36-12-46 does not prohibit voluntary disclosure, and nothing in the statute requires the City to withhold any documents from me, even though I am a party. The City is fully permitted to provide the records to me, or to my LLC, at its discretion.

Please confirm receipt of the attached LLC PRR.

If the City intends to continue withholding any portion of this request, please identify the specific statutory subsection you are relying upon, and explain precisely how that statute legally authorizes withholding these records. General references to §36-12-46 are insufficient; the law requires clear citation to the exact exemption and a description of the records withheld.

If any portion is withheld, please provide a privilege/exemption log identifying the records withheld and the legal basis for each.

For accuracy, I note that the official Records Custodian, Lisa Hanks, was included in all prior correspondence related to my public records requests — including every message from the City and every reply — except for the last email in which the City issued its denial. That denial email is the only communication in the thread where the Records Custodian was removed. I added the custodian back into the thread to ensure transparency. This selective omission of the Records Custodian solely at the moment of denial is inconsistent with the City's prior communications pattern and undermines any suggestion that the withholding was a routine or mandatory administrative action under § 36-12-46.

Thank you for your time and attention.

Scott Miller

---

**Fluid Motion Solutions LLC PRR.pdf**
115K

---

**Christopher S. Williams** <cwilliams@handfirm.com> Mon, Dec 8, 2025 at 9:58 A
To: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

Your message

To: Christopher S. Williams
Subject: Re: Public Records Request
Sent: Monday, December 8, 2025 9:57:42 AM (UTC-06:00) Central Time (US & Canada)

was read on Monday, December 8, 2025 9:58:23 AM (UTC-06:00) Central Time (US & Canada).

---

[Quoted text hidden]

---

**Christopher S. Williams** <cwilliams@handfirm.com> Mon, Dec 8, 2025 at 10:08 A
To: Scott Miller <smiller@fluidmotionfab.com>
Cc: Marcus McDowell <mmcdowell@wbbwlaw.com>, Alta O'Neill <AONeill@handfirm.com>, "Lisa A. Hanks, MMC" <Lisa.Hanks@fairhopeal.gov>

The City attorney Marcus McDowell is handling this matter so he will respond to your further inquiries.

Additionally, to be clear, I removed Ms. Hanks from the prior email chain as a courtesy to her to avoid filling her inbox with unnecessary email communications further regarding this matter since the city attorney (Marcus McDowell) is handling it.

Thanks,

Chris

HAND ARENDALL
HARRISON SALE

Christopher S. Williams

251-694-6233 Direct Dial

251-422-7330 Cell

251-544-1601 Fax

cwilliams@handfirm.com

---

**From:** Scott Miller <smiller@fluidmotionfab.com>
**Sent:** Monday, December 8, 2025 9:58 AM
**To:** Christopher S. Williams <cwilliams@handfirm.com>
**Cc:** Marcus McDowell <mmcdowell@wbbwlaw.com>; Alta O'Neill <AONeill@handfirm.com>; Lisa A. Hanks, MMC <Lisa.Hanks@fairhopeal.gov>
**Subject:** Re: Public Records Request

Mr. Williams,

[Quoted text hidden]

---

[Quoted text hidden]

---

**Scott Miller** <smiller@fluidmotionfab.com> Mon, Dec 8, 2025 at 11:10 A
To: Marcus McDowell <mmcdowell@wbbwlaw.com>, "Lisa A. Hanks, MMC" <Lisa.Hanks@fairhopeal.gov>

Mr. McDowell,

Thanks for reaching out. I wanted to follow up on the Public Records Request originally submitted on November 20, 2025, and expanded on December 2, which remains outstanding. Mr. Williams directed communications to your attention regarding this matter.

At this point, I simply need clarity.

Under Ala. Code §36-12-40, records must be either:

1. Produced, or
2. Formally denied with the specific statutory basis for the denial

To date, I have not received either. Because this request is now past the normal response window, I need to know your position so I can determine my next steps.

I am not asking you to take any particular action—only to state whether the City is:

- Providing the requested records,
- Denying them (and if so, the statute authorizing denial), or
- Requires additional time (and the expected timeline).

I have no desire for unnecessary conflict. If there are procedural issues, misunderstandings, or logistical challenges on your end, I am open to discussing them so that we can resolve this efficiently and professionally for all parties involved.

Thank you for your attention. I look forward to your clarification.

Respectfully,

Scott Miller

[Quoted text hidden]

---

**.lta O'Neill** <AONeill@handfirm.com> Tue, Dec 9, 2025 at 10:55 A
o: "smiller@fluidmotionfab.com" <smiller@fluidmotionfab.com>

Your message

To: Alta O'Neill
Subject: Re: Public Records Request
Sent: Monday, December 8, 2025 9:57:42 AM (UTC-06:00) Central Time (US & Canada)

was read on Tuesday, December 9, 2025 10:54:36 AM (UTC-06:00) Central Time (US & Canada).

---

[Quoted text hidden]

Staples

Low price. Every item. Every day.
Store No: 1065
1802 US Highway 98
Daphne, AL, 36526
(251) 621-0029

26262600 026 58138

Receipt #: 58138 05/19/2026 14:29
SALE

| Qty | Pages | Description | Amount |
|---|---|---|---|
| 2 | 114 | Print From Email - 2821516<br>- Letter 8.5 x 11"<br>- Color (66 pages)<br>- Black & White (48 pages) | 68.82 |

| | |
|---|---|
| SubTotal | 68.82 |
| Standard Tax 9.5% | 6.54 |
| Total | USD $ 75.36 |

MasterCard #:************2271 [ T]
CAPITAL ONE
Contactless
Auth No.: 00729Z
Mode: Issuer
AID: A0000000041010
TVR: 0000008001
IAD: 0110A04001220000000000000000000000FF
TSI:
ARC: 3030
NO CVM

**The Cardholder agrees to pay the Issuer of the charges card is accordance with the agreement between the Issuer and the Cardholder.**

Compare and Save
With Staples-brand products
THANK YOU FOR SHOPPING AT STAPLES!